IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| EARL BALL, | ) | No. CV 07-491-TUC-DCB (BPV) |
| Petitioner, | ) ) | **REPORT AND RECOMMENDATION** |
| vs. | ) ) | |
| CHARLES L. RYAN, et al., | ) ) ) | |
| Respondents. | ) ) ) | |

Petitioner Earl Ball, presently confined in the Arizona State Prison Complex-Florence, has filed a *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. No. 1.) Petitioner has also filed "Supplemental Filing of Points and Authorities in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254" (Doc. No. 8), and a second Petition for Writ of Habeas Corpus (Doc. No. 18). The Court ordered both documents stricken from the record, and allowed Petitioner an additional 30 days to file a motion to amend and lodge a proposed amended petition with the Clerk of Court. No motion to amend nor proposed amended petition was received by the Court.

Respondents have filed an answer to the original petition ("Answer") with exhibits A through EEE attached. (Doc. No. 12.) A reply was filed by Petitioner with Exhibits A through E attached. (Doc. No. 13.)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition in its entirety.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   First Indictment

A search warrant was obtained for two properties, including Petitioner's residence, following the interview of an 18 year old runaway who had been residing at Petitioner's mobile home for approximately half a year. (Ex. A at 2-4.)[1] Two pornographic videotapes and 15 pornographic photographs were seized during the search, and Petitioner was indicted by Cochise County Grand Jurors in two criminal cases based upon the seizures: CR-98-296 ("'296") and CR-98-345 ("'345"). (*Id.*, Ex. B, Ex. C.)

The '296 indictment, filed on June 19, 1998, charged Petitioner with one count of sexual exploitation of a minor for possession of a videotape containing child pornography, a class 2 felony. (Ex. B.) The '345 indictment, filed on July 24, 1998, charged Petitioner with sixteen counts of sexual exploitation of a minor, one count for possession of a second videotape containing child pornography, and fifteen counts for possession of photographs reflecting child pornography, all class 2 felonies. (Ex. C.) Additionally, all seventeen counts were alleged to be "dangerous crime[s] against children" pursuant to A.R.S. § 13-604.01. (Exs. B, C.) The cases were consolidated for trial. (Ex. D.)

### B.   Pretrial Proceedings

The '296 indictment was remanded twice for a redetermination of probable cause, the second time after Petitioner filed a special action in the appellate court. (Ex. E, at 16-18, 23-24.) The Grand Jury returned indictments after both remands. (*Id.* at 19-20, 25-27.) A third motion to remand the '296 indictment was filed on May 13, 1999. (Ex. F.) On August 13,

---

[1] The page numbers in all references to the Answer refer to the Respondent's sequential numeration in the bottom right corner of each page. Additionally, all alphabetical exhibits refer to the exhibits attached to the Respondent's Answer (Doc. No. 12.)

1999, the court, after a hearing (Ex. H.), denied the third motion to remand.[2]  (Ex. I.)
Petitioner did not file a special action challenging the trial court's ruling.  (*See* Ex. J at 73-74,
77, 89, 95.)

On August 11, 1999, Petitioner filed a motion to continue for the purpose of
investigating evidence suggesting that the charges might be barred by the statute of
limitations.  (Ex. G.)  Petitioner's arguments were based on a recent discovery suggesting
that law enforcement may have been aware of the existence of the videotapes prior to the
present discovery, and, calculating from that date forward, the statute of limitations would
have expired.  (Ex. K at 98-99.)  After a hearing, the motion was denied, based on the trial
court's determination that sexual exploitation of a minor based on possession of child
pornography is a continuing offense, and thus, unless the possession ceased and the statute
of limitations could then be applied, the offense continues for purpose of the statute of
limitations.  (Ex. H, at 58.)

C.    First Trial

Following a jury trial, Petitioner was convicted of two counts of sexual exploitation
of a minor based on his knowing possession of pornographic videotapes.  (Ex. N., at 116-
119, 122.)  The jury was not able to reach verdicts on the remaining fifteen counts related to
Petitioner's possession of pornographic photographs, and the trial court declared a mistrial
on those counts.  (Ex. N at 117, 123.)

D.    Post-trial Proceedings

Following the trial, the court granted a motion Petitioner had made to dismiss the
"dangerous crimes against children" allegations.  (Ex. O.)  Petitioner was sentenced on
October 4, 1999.  (Ex. P.)  The trial court imposed an aggravated, ten-year term of
imprisonment on each of the two convictions, to be served consecutively.  (Ex. P. at 126-30,
133-34, 136.)  Petitioner was also sentenced at that time to a 1.5 year prison term for a felony

---

[2]      Although the order was entered on August 13, 1999, it was not
filed until October 4, 1999.

conviction in a separate case. (Ex. P.) Petitioner filed a motion to vacate judgment in the '296 and '345 cases, based on a statute of limitations argument. (Ex. T.) On November 24, 1999, following an evidentiary hearing, the trial court dismissed the motion. (Ex. V.) No appeal from the trial court's order was filed. (Ex. J at 75, 78-79, 88, 95.)

### E.    Second Trial

Petitioner was retried on fifteen counts of sexual exploitation of a minor for knowing possession of pornographic photographs. The jury found Petitioner guilty of ten of the remaining fifteen counts. (Ex. X.) The trial court found Petitioner had been previously convicted of one prior felony. (Ex. Y at 232.) Petitioner waived counsel, and proceeded to sentencing acting on his own behalf. (Ex. Y at 234, Ex. Z at 235, 237.) On October 16, 2000, the trial court imposed the presumptive sentence of 9.25 years imprisonment for each of the ten counts, to run concurrently to each other, and to the previously imposed sentences based on the videotapes. (Ex. Z at 239.)

### F.    First Petition for Post-Conviction Relief

On January 4, 2000, Petitioner filed a *pro se* Notice of Post-Conviction Relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Ex. BB.) On February 28, 2000, Petitioner filed a second *pro se* Notice of Post-Conviction Relief, together with a request for counsel and a *pro se* petition for post-conviction relief. (Ex. CC.) Petitioner raised the following grounds for relief:

(A)    "The conviction or the sentence was in violation of the Constitution of the United States or the State of Arizona, Rule 32.1(a)"

(B)    "The court was without jurisdiction to render judgment, Rule 32.1(b);"

(C)    "Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence, Rule 32.1(e);"

(D)    "There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence, Rule 32.1(g)."

(Ex. CC at 252.) More specifically, Petitioner argued that the offense of possession of child pornography is not a "continuing crime," and that, because he possessed the pornography at issue before the statute prohibiting such conduct was enacted, the State's prosecution of his conduct was prohibited as an *ex post facto* law. (*Id.* at 253-54.) Petitioner also argued that "there may have been ineffective assistance of counsel in the representation of Petitioner as Defendant by the Office of the Cochise Public Defender," and that the trial court was without jurisdiction to hear the trial "as the statute of limitations had run for prosecution for possession of proscribed visual depictions." (*Id.* at 255-56.) On March 29, 2000, the trial court appointed counsel to represent Petitioner in his petition for post-conviction relief ("PCR"). (Ex. EE.) On June 20, 2000, Petitioner filed a *pro se* Supplement of Law to Petition for Post-Conviction Relief. (Ex. II.) The supplement provided points and authorities in support of the previously raised claims, including (1) Statue of Limitations (*Id.* at 268-71); (2) *Ex Post Facto Law* (*Id.* at 271-74); and (3) Ineffective Assistance of Counsel ("IAC")(*Id.* at 275-76). Additionally, Petitioner raised new claims that were not alleged in his first petition, including (1) prosecutorial misconduct (*Id.* at 274-75); and (2) the trial court's failure to strike the testimony of L.B. at trial (*Id.* at 275.).

The State moved to strike the supplement, arguing that Petitioner was represented by an attorney and had not received authorization to file premature pleadings in *pro per*. (Ex. JJ.) Petitioner responded, asserting that the court should consider his petition as a motion to vacate judgment. (Ex. KK.)

On October 16, 2000, the trial court denied Petitioner's Motion to Vacate Judgment (Petitioner's claims asserted in the first PCR) (Ex. Z at 236-37.) The trial court also substituted counsel for Petitioner's PCR proceedings. (Ex. Z at 240.) Although Petitioner filed a notice of appeal from the Judgment and Sentence entered by the trial court that same date (*See.* Ex. AA), Petitioner did not appeal from the denial of Petitioner's Motion to Vacate Judgment. (*See* Ex. ZZ at 439-41.) On January 30, 2001, Petitioner filed a *pro se* Motion to Revisit Motion to Vacate Judgment. (Ex. MM.) The trial court considered the motion one

for reconsideration of the court's previous denial, and denied the motion on June 4, 2001. (Ex. OO.)

G.     Second Petition for Post-Conviction Relief

Petitioner filed a *pro se* motion for an Evidentiary hearing pursuant to Rule 32.8 and a *pro se* Petition for Post Conviction Relief (the "Second Petition for PCR") on December 12, 2000. (Ex. LL.) The Second Petition for PCR asserted the following claims for relief:

(A)     "The conviction or the sentence was in violation of the Constitution of the United States or the State of Arizona, Rule 32.1(a)"

(B)     "The court was without jurisdiction to render judgment, Rule 32.1(b):"

(C)     "Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence, Rule 32.1(e[)]"

(D)     "There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence, Rule 32.1(g)."

(Ex. LL at 285.) Petitioner asserted that the statute of limitations began to run in 1989 when the State became aware that photographs may have existed at that time, and that the offense of possession of the photographs was not a "continuing crime." (*Id.* at 286, 289-292.) Petitioner also argued that because he possessed the photographs before any statute prohibited such conduct, his prosecution was prohibited as an *ex post facto* law. (*Id.* at 285-87, 292-95.) Petitioner also argued that the photographs depicted his emancipated wife, who should not be treated as a "minor" for purposes of such charges. (*Id.* at 287.) Petitioner alleged claims for prosecutorial misconduct (*Id.* at 295-96), and trial error through the trial court's failure to admonish the jury and take corrective measures regarding the prosecutorial misconduct (*Id.* at 296). Petitioner asserted that "there may have been ineffective assistance of counsel in the representation of Petitioner as Defendant by the Office of the Cochise County Public Defender." (*Id.*, at 288, 296-97.)

The trial court considered the petition, and found that Petitioner had failed to satisfy his burden of ineffective counsel under the *Strickland* analysis; further, that Petitioner's claim

of ineffective assistance of counsel was without merit. (Ex. RR at 338.) The trial court further found that "no material issue of fact or law exists which would entitle the Petitioner to relief" on the remaining claims; that the Petitioner was precluded from relief based on any ground raisable on direct appeal under Rule 31, or on a post trial motion under Rule 24, and that Petitioner's motion pursuant to Rule 24 had been previously denied. (*Id*.) The trial court found that, in order to raise a colorable claim, the petition must raise some factors that demonstrate that the attorney's representation fell below the prevailing objective standards, but that the petition did not raise a colorable claim. (*Id*. at 338-39.) The trial court summarily dismissed the petition. (*Id*. at 339.)

Petitioner filed a petition for review to the Arizona Court of Appeals on July 6, 2001. (Ex. SS.) Petitioner raised the following issues: (1) "Exculpatory information withheld from Grand Jury"; (2) "Abuse of discretion by both Judge Borowiec and Judge Fell"; (3) "Legislative intent as well as Defendant's intent"; (4) "Statute of Limitations"; (5) "Ex-Post-Facto law"; and (6) "Ineffective assistance of counsel." (Ex. § at 344.) On July 24, 2001, the Arizona Court of Appeals consolidated the direct appeals and petition for review. (Ex. YY.)

H.   Direct Appeal

On October 21, 1999, Petitioner filed a notice of appeal for each count based on the possession of the pornographic videotapes. (Ex. R at 142-43.) The trial court stayed the appeal pending determination of a petition for post-conviction relief. (Ex. S.) On October 25, 2000, the State filed a notice of appeal challenging the trial court's designation of the charges in the indictment as not being an offense involving dangerous crimes against children under A.R.S. § 13-604.01. (Ex. AA at 241.) On November 1, 2000, Petitioner filed a notice of appeal from the convictions based on the ten counts of possession of photographs, and a request for appointment of counsel. (Ex. AA at 243.) The court of appeals lifted the stay of appeal on July 24, 2001 (Ex. YY.), and, on May 2, 2005, following appointment of counsel (Ex. UU, VV), Petitioner filed the opening brief of his direct appeal, and petition for review of denial of post-conviction relief in both criminal cases, raising the following issues:

1.      The aggravated sentence imposed by the trial court violated the Sixth Amendment.

2.      The trial court lacked jurisdiction to try Ball for the crime of sexual exploitation of a minor because the State of Arizona commenced the case more than seven years after it discovered the violation.

3.      The trial court should have excluded the testimony of Ball's wife, L.B.

4.      The trial court should have suppressed Ball's statements to the police because the police did not honor his requests to speak with counsel and not to be recorded.

5.      When the jury heard that the videotape showed Ball having sex with his daughter, the judge should have declared a mistrial.

6.      The trial court should not have allowed Reverend Tim Thacker, Ball's minister, to testify because Thacker's testimony revealed information disclosed in the context of giving spiritual advice.

7.      The trial court should have suppressed the items seized pursuant to the search warrant because the affidavit contained materially false information.

(Ex. WW at 372-73.)

On August 31, 2006, in an unpublished memorandum decision, the court of appeals affirmed the convictions, and granted review of the petition, but denied relief. (Ex. ZZ.) On November 28, 2006, Petitioner filed a *pro se* motion for reconsideration. (Ex. BBB.) The court of appeals denied the motion on December 13, 2006. (Ex. CCC.)

On January 12, 2007, Petitioner filed a *pro se* petition for review to the Arizona Supreme Court raising the following issues: (1) *Blakely* Relief, (2) Statute of Limitations; and (3) Marital Privilege. (Ex. DDD.) On June 25, 2007, the Arizona Supreme Court denied the petition for review. (Ex. EEE.)

I.      Federal Habeas Petition

On October 1, 2007, Petitioner filed the instant habeas petition, raising the following issues:

1.    The trial prosecutor failed to present exculpatory evidence to the Grand Jury;

2.    Petitioner's sentence violates *Blakely*;

3.    The trial court erred in not finding the allegations against Petitioner barred by the statute of limitations; and

4.    Petitioner's trial and appellate counsel were ineffective.

(Doc. No. 1.)

On November 20, 2007, Petitioner filed a Supplemental Filing of Points and Authorities in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Doc. No. 8.)  The supplement raised claims not asserted in his initial Petition, and was stricken by order of the Court dated April 16, 2009. (Doc. No. 19.) A Second Petition (Doc. No. 18) was also ordered stricken.  Petitioner was given 30 days to file a motion to amend and lodge a proposed amended petition in conformance with Local Rules.  (Doc. No. 19.) No motion or proposed amended petition was filed.

II.    **DISCUSSION**

A.    Standard of Review

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

B.    Statute of Limitations

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review [.]"  28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2).

C.    Exhaustion of State Remedies

Before a federal court may review a petitioner's claims on the merits, a petitioner must exhaust his state remedies, which means he must have presented in state court every claim raised in his federal habeas petition. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (a state prisoner in a federal habeas action must exhaust his federal claims in the state courts "by invoking one complete round of the State's established appellate review process" before he may submit those claims in a federal habeas petition); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). Exhaustion of state remedies is required in order to give the state the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). In order to provide a state with this necessary opportunity, "the prisoner must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Id.* (internal quotation marks and citations omitted).

A claim is "fairly presented" if the petitioner has described the operative facts and legal theories on which his claim is based. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001). In state court, the petitioner must describe not only the operative facts but also the asserted constitutional principle, for if "state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."). A petitioner does not ordinarily "fairly present" a federal claim to a state court if that court must read beyond a petition, brief, or similar papers to find material that will alert it to the presence of a federal claim. *Baldwin*, 541 U.S. at 32-33 (rejecting contention that petition fairly presented federal ineffective assistance of counsel claim because "ineffective" is a term of art in Oregon that refers only to federal law claims, since petitioner failed to demonstrate that state law uses "ineffective assistance" as referring only to

federal law rather than a similar state law claim); *Harless*, 459 U.S. at 6 (holding that mere presentation of facts necessary to support a federal claim, or presentation of state claim similar to federal claim, is insufficient; petitioner must fairly present the substance of the federal claim); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds); *Gatlin v. Madding*, 189 F.3d 882 (9th Cir. 1999) (holding that petitioner failed to "fairly present" federal claim to state courts where he failed to identify the federal legal basis for his claim).

In Arizona, exhaustion is satisfied if a claim is presented to the Arizona Court of Appeals. A discretionary petition for review to the Supreme Court of Arizona is not necessary for purposes of federal exhaustion. *Swoopes*, 196 F.3d at 1010; *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989) (in non-capital cases, state remedies are exhausted by review by the court of appeals); *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005) (quoting *Swoopes* for assertion that in cases not carrying a life sentence or the death penalty, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them"). Contrary to Respondents' assertion, in Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either on direct appeal or in a petition for post-conviction relief. *See Crowell v. Knowles*, 483 F.Supp.2d 925 (D.Ariz.2007)(discussing *Swoopes*, 196 F.3d at 1010).

The Ninth Circuit Court of Appeals has explained the distinction between exhaustion and procedural default as follows:

> The exhaustion requirement is distinct from the procedural default rule. The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer

"available" to him. A federal claim that is defaulted in state court pursuant to an adequate and independent procedural bar may not be considered in federal court unless the petitioner demonstrates cause and prejudice for the default, or shows that a fundamental miscarriage of justice would result if the federal court refused to consider the claim.

*Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (internal quotation marks and citations omitted). In other words, a habeas petitioner's claims may be precluded from federal review in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. This is often referred to as "technical" exhaustion, because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy.

If a claim is procedurally defaulted, it may not be considered by a federal court unless the petitioner demonstrates cause and prejudice to excuse the default in state court, or demonstrates that a fundamental miscarriage of justice would result. *Id.* at 750; *Sawyer v. Whitley*, 505 U.S. 333, 338-339 (1992). If a claim has never been fairly presented to the state court, a federal habeas court may determine whether state remedies remain available. *See Harris v. Reed*, 489 U.S. 255, 269-70 (1989); *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"). Prejudice need not be addressed if a petitioner fails to show cause. *Thomas*, 945 F.2d at 1123 n.10. To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence," *Sistrunk v.*

*Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002) (internal quotation marks and citations omitted), which can be shown when "a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 673 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

D.  Standard of Review: Merits[3]

Petitioner's habeas claims are governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA established a "substantially higher threshold for habeas relief" with the "acknowledged purpose of 'reduc[ing] delays in the execution of state and federal criminal sentences.' " *Schriro v. Landrigan*, 550 U.S. 465, 473-475 (2007) (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). The AEDPA's " 'highly deferential standard for evaluating state-court rulings' ... demands that state-court decisions be given the benefit of the doubt ." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh*, 521 U.S. at 333 n. 7).

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[3]Should the Court reject the Magistrate Judge's Report and Recommendation, Respondents have requested leave to file a supplemental answer to address the merits of the claims raised in the petition. (Answer, at 43, n.20.)

The phrase "adjudicated on the merits" refers to a decision resolving a party's claim which is based on the substance of the claim rather than on a procedural or other non-substantive ground. *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004). The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

III.  **ANALYSIS**

A.  Timeliness

Respondents concede that the Petition is timely. (Doc. No. 12 at 17.) Based on a review of the record, the Court finds that the petition is timely under 28 U.S.C. § 2244(d)(1)(A).

B.  Ground One:

In Ground One, Petitioner argues that the prosecutor improperly withheld exculpatory evidence from the Grand Jury. (Doc. 1 at 6.)

1.  *Relevant Facts*

The trial court initially denied this claim when it denied Petitioner's Third Motion to Remand. (Ex. I.) Petitioner did not challenge the trial court's ruling by filing a special action in the Arizona Court of Appeals before trial, (Ex. J at 73-74, 77, 89, 95), thus, the trial court denied this claim when it summarily denied Petitioner's Second Petition for PCR, on the grounds that, with the exception of his IAC claim, all of his claims were precluded by Rule 32.2(a)(1) because they were raisable on appeal or on post-trial motion. (Ex. RR at 338.) *See State v. Murray*, 906 P.2d 542, 565 (1995) ("[t]o obtain review of a denial of redetermination of probable cause, a defendant must seek relief before trial by special action"). Like the trial court, the Court of Appeals rejected Petitioner's Grand Jury Claim by imposing a procedural bar:

> The trial court correctly concluded that each of [Petitioner's] claims except the ineffective assistance of counsel claim was waived or precluded under Rule 32.2(a). First, "[t]o obtain review of a denial of redetermination of probable cause, a defendant must seek relief before trial by special action." *State v. Murray*, 184 Ariz. 9, 32, 906 P.2d 542, 565 (1995). The only exception to this

- 14 -

rule is when the state "knew [the indictment] was partially based on perjured, material testimony." *Id*. In those cases, the defendant may challenge the indictment on appeal. [In his Second Petition, Petitioner] argued only that material exculpatory evidence was withheld, not that perjured testimony was presented to secure his indictment. Therefore, the trial court properly found this claim was precluded. *See Murray*.

(Ex. ZZ at 449.)

The Arizona Supreme Court implicitly adopted this procedural bar when it denied review of Petitioner's grand jury claim without comment. (Exs. DDD at 478; EEE.) *See Ylst*, 501 U.S. at 802 (when last reasoned state court decision imposes a procedural default, court presumes on habeas that subsequent decision rejecting claim did not consider merits).

### 2. *Procedural Default*

Respondents are correct in their assertion that Ground One is procedurally defaulted because both the trial court and the Arizona Court of Appeals imposed a procedural bar to avoid reaching the merits of Ground One, which constitutes an independent and adequate state law ground barring federal review. *See Ylst*, 501 U.S. at 802-05. This Court must defer to the state courts' conclusion that Petitioner was procedurally barred from raising the instant grand jury claim after trial because this issue is a matter of state law. *See e.g., Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) ("Poland further argues that the trial court improperly applied Arizona Rule of Criminal Procedure 32.2 in holding these claims defaulted, since the conditions for inferring waiver under the rule were not satisfied. Federal habeas courts lack jurisdiction, however, to review state court applications of state procedural rules."); *see also Thomas v. Lewis*, 945 F.2d 1119, 1121–23 (9th Cir. 1091) (finding procedural default where the Arizona Court of Appeals held that habeas petitioner had waived claims by failing to raise issues on direct appeal or in first petition for post-conviction relief). Because Petitioner presented Ground One to the Arizona courts in a procedurally defective manner, Ground One is procedurally defaulted. *See Ylst*, 501 U.S. at 802–05; *Insyxiengmay*, 403 F.3d at 665; *see also Coleman*, 501 U.S. at 735 n.1.

Accordingly, federal habeas review of Ground One is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Carrier*, 477 U.S. at 488.

C.    Ground Two:

Petitioner argues in his second claim that "the trial court [properly] ruled that A.R.S. § 13-604.01 did not apply to [his] case, so there was no grounds for imposing an aggravated sentence of 10 years," and "Blakely should apply to [his] sentence." (Doc. 1 at 7; Doc. 1-3 at 4.)

1.    *Relevant Facts*

The court of appeals considered Petitioner's *Blakely* claim, and found that Petitioner entered into a stipulation that the victim, J., had been between the ages of ten and twelve at the time the videotapes were made. (Answer, Ex. ZZ at 4-5.) Because Petitioner stipulated to the victim's age, and the jury was instructed that the stipulation was binding, it could not have found that the victim was fifteen years of age or older, and, pursuant to state law, the statutory maximum sentence Petitioner could have received was seventeen years, *even without being designated a dangerous crime against children*. (*Id.*) The appellate court found that the trial court erred, in Petitioner's favor, by determining that, contrary to the plain language of former § 13-3553(B), the offenses were not dangerous crimes against children, and sentencing Petitioner to ten year terms. (*Id.*)

Petitioner filed a motion to reconsider, arguing that, at the time Petitioner's attorney stipulated to the victim's age, the State, in another case involving a different defendant, had not objected to the trial court's ruling that A.R.S. § 13-604.01 did not apply to possession under § 13-3553(A)(2). (Answer, Ex. BBB) Petitioner argued that, pursuant to the Arizona constitution, Article 6, section 13, the order of one judge shall have the same force and effect as if all Judges of the Court had presided, and the process of the court shall extend to all parts of the state. (*Id.*) Petitioner questioned the appellate court's ruling stating "How can this court hold that one defendant POSSESSING hundreds of child pornographic pictures be

exempt from A.R.S. 13-604.01 while another is not?" (*Id.*) The appellate court denied the motion for reconsideration without comment. (Answer, Ex. CCC.)

Petitioner raised the same argument before the Arizona Supreme Court, arguing that, because personal possession of visual material is not an offense "committed against a minor," the allegation pursuant to § 13-604.01 must be dismissed. (Answer, Ex. DDD.) The supreme court denied the petition for review without comment. (Answer, Ex. EEE.)

### 2. Cognizabile Federal Claim

Respondents assert that the first part of Petitioner's claim, that the Arizona Court of Appeals erred by overturning the trial court's ruling that A.R.S. § 13-604.01 did not apply to possession under A.R.S. § 13-3553(A)(2), fails to present a cognizable ground for habeas relief because the claim presents only an issue of interpretation of a state sentencing statute.

Respondents are correct. A violation of state law would not be grounds for habeas relief. *See Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991) (it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions; a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States). Petitioner argues no set of facts that support a federal claim.

Although Petitioner did assert a *Blakely* claim in his appeal, Petitioner does not elaborate in these federal habeas proceedings how the alleged error by the State Courts presents a cognizable federal claim. Petitioner's reference to federal law (*Blakely*) does not transform this claim into a federal claim. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)(Petitioner may not transform a state-law issue into a federal one merely by asserting a constitutional violation; alleged errors in the application of state law are not cognizable in federal habeas corpus.) Petitioner is challenging the State Court's application of a state law, not a federal law.

Accordingly, the Magistrate Judge recommends that this claim be dismissed as failing to present a cognizable federal claim, pursuant to 28 U.S.C. § 2254(a).

### 3. Alternative Ruling on the Merits

Alternatively, should the District Court find that Petitioner has presented a federal claim, the Magistrate Judge recommends that the Blakely claim be dismissed for the following reasons.

Petitioner has made no showing that the Arizona Court of Appeals' determination was contrary to or an unreasonable application of *Blakely v. Washington*, 542 U.S. 296 (2004), or that it was based on an unreasonable determination of the facts. The Court explained in *Blakely* that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). The "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge **may** impose solely on the basis of the facts reflected in the jury verdict **or admitted by the defendant**. *Blakey*, 542 U.S. at 303 (citations omitted)(emphasis added). The Arizona Court of Appeals correctly identified and applied *Blakely* when it determined that, under state law the presumptive sentence of seventeen years was, "the statutory maximum sentence [Petitioner] could have received." (Ex. ZZ at 439.) Although the sentencing court did not apply A.R.S. § 13-604.01 to enhance Petitioner's sentence, the court of appeals found that it could have, and, should have determined that A.R.S. § 13-3553(C) required Petitioner to be sentenced pursuant to section 604.01. because of the binding stipulation made by Petitioner that the victim had been between the ages of 10 and 12 at the time the videotapes were made. Had Petitioner been sentenced under A.R.S. § 13-604.01, the presumptive term for violation of A.R.S. § 13-3553 would have been seventeen years. This was not an unreasonable determination of the facts. Pursuant to the statute in effect at the time, A.R.S. § 13-3553 provided that "Sexual exploitation of a minor is a class 2 felony and if the minor is under fifteen years of age it is punishable pursuant to § 13-604.01." A.R.S. § 13-3553 (West 1989). Despite the trial court

finding that the crime was not a dangerous crimes against children[4], Petitioner was still subject to sentencing pursuant to § 13-604.01. Thus, this Court cannot say that the State courts' adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d).

Accordingly, the Magistrate Judge recommends that this claim be dismissed.

D.     Ground Three:

Petitioner argues in Ground Three that the trial court erred by "ruling that the acts depicted on the tapes were barred by the statute of limitations, but refused to grant the same ruling on the completed act of possession or to allow the issue to be argued based on the same law." (Petition at 8.)

*1.     Relevant Facts*

Petitioner raised Ground Three in the following pleadings: (1) Motion to Vacate filed on November 5, 1999 (Ex. T at 164-67), (2) First Petition for PCR (Exs. CC at 256; II at 268-71), (3) Second Petition for PCR (Ex. LL at 289-92), (4) direct appeal opening and reply briefs (Exs. WW at 396-98; XX at 426-28), (5) Petition for Review by the Court of Appeals (Ex. § 349-55), (6) Motion for Reconsideration by the Court of Appeals (Ex. BBB at 456-62), and (7) Petition for Review by the Arizona Supreme Court (Ex. DDD at 471-74.) In his Motion to Vacate and his First and Second Petitions for PCR, Petitioner relied solely on his argument that, pursuant to A.R.S. §13-107(B), Arizona's statute of limitations was triggered in 1989 because, if the State had exercised reasonable diligence, it would have discovered Petitioner's possession of child pornography in 1989. (Exs. T at 162; CC at 255-56; II at 268-71; LL at 289-92.) Petitioner did assert in his Motion to Vacate and his

---

[4] The court of appeals did not reach this question as the State failed to assert this claim in it's cross-appeal in its brief.

Petition for Review by the Arizona Supreme Court that United States Supreme Court precedent would prohibit the State from attempting to justify its inexcusably dilatory filing of the indictment by attempting to rely on the "doctrine of continuing offenses." (Ex. T at 164; Ex. DDD at 474.) In his direct appeal, Petitions for Review and Motion for Reconsideration, Petitioner consistently claimed that the trial court had misinterpreted, misconstrued, and misapplied Arizona's state statute of limitations (A.R.S. §13-107). (*See* Exs. WW at 396-98; XX at 426-28; § at 351-55; BBB at 456-62; DDD at 471-74.)

2. *Cognizable Federal Claim*

Although Petitioner exhausted his statute of limitations claim in the state courts, Respondents assert that none of these pleadings cited any federal law to support Petitioner's claim that the trial court lacked jurisdiction to try him for the relevant crimes because Arizona's state statute of limitations had expired.

More importantly, Petitioner does not present any allegation that his conviction was in violation of federal law in this federal habeas. Petitioner argues only that the trial court was without jurisdiction, pursuant to the abundantly clear "law in Arizona." (Petition at 17.) A violation of state law, however, is not grounds for habeas relief. *See Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991) (it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions; a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States). Petitioner argues no set of facts that support a federal claim.

Petitioner does not elaborate in this federal habeas proceeding how the alleged error by the state courts to find his conviction barred by the appropriate state statute of limitations presents a cognizable federal claim. Moreover, although Petitioner did argue in his Motion to Vacate and both his Petition for Review to the Appellate Court and to the Arizona Supreme Court that the State could not attempt to justify its inexcusably dilatory filing of the indictment by attempting to rely on the "doctrine of continuing offenses," citing Supreme Court cases in support of his claim, (Ex. T at 164; Ex. § at 349-51; Ex. DDD at 474), Petitioner raises no such claim in his federal habeas. Moreover, even if he had, this claim

would be procedurally defaulted, as the court of appeals held, in the last reasoned decision by the state court on this issue, that pursuant to Rule 21.2(a) and 31.2(d), that Petitioner's failure to properly appeal from the denial of his motion to vacate judgment barred Petitioner from raising an argument that the trial court erred in denying Petitioner's motion to vacate judgment.

Petitioner is challenging the state courts' application of a state law, not a federal law. Accordingly, the Magistrate Judge recommends that this claim be dismissed as failing to present a cognizable federal claim, pursuant to 28 U.S.C. § 2254(a).

E.    Ground Four:

Petitioner argues in Ground Four that "[b]oth trial counsel and appellate counsel not only failed, but refused to raise the constitutional issues that have merit." (Petition at 9.) Petitioner raises seven specific claims of ineffectiveness. Petitioner argues that appellate counsel was ineffective by (A) failing to challenge the trial court's decision that Petitioner's offenses were continuing offenses; and (B) failing to "raise the valid constitutional issues that Petitioner has filed a plethora of motions on, from 2001 to date." (Petition, Points and Authorities, at 17.) Petitioner argues that trial counsel was ineffective for: (C) Refusing Petitioner's "request to be present at the examination of Laurie Ann (Abate) Ball and L.[B.]" (*Id*. at 18); (D,E)[5] learning that the county attorney had withheld exculpatory information from the Grand Jury, but refusing to ask for a mistrial when Judge Borowiec asked if Petitioner wished to move for a mistrial (*Id*.); (F) denying Petitioner's request to file a special action or to withdraw from the case after the trial court denied the motion to continue trial to investigate the statute of limitations issue (*Id*. at 18-19); (G) failing to challenge the trial court's decision that Petitioner's offenses were continuing offenses (*Id*. at 17.); and (H)

---

[5] Respondents have identified eight sub-claims, A through H, in Petitioner's habeas petition. This Court identifies only seven claims, finding that the sub-claims identified by Respondents as sub-claims D and E are actually a single claim. To avoid confusion, the Court will refer to the single claim identified in Respondents' Answer as D and E as sub-claim "(D,E)."

failing to "raise the valid constitutional issues that Petitioner has filed a plethora of motions on, from 2001 to date" (*Id.*).

### 1. Relevant Facts

Petitioner raised a claim in his Second Petition for Post-Conviction Relief that there may have been ineffective assistance of counsel in the representation of Petitioner. (Ex. LL at 288.) No factual assertions were specifically alleged, although Petitioner did allege that "counsel did not individually or collectively take remedial or corrective measures" "when [the prosecutor] was transgressing" and "expended considerable energy in asking the court for permission to be let off the case rather than filing certain post-trial motions." (*Id.* at 296-97.) The trial court denied the claim because Petitioner "failed to specify acts and omissions of counsel that allegedly constituted that allegedly constituted ineffective assistance," nor did Petitioner show "that the deficient performance prejudiced his defense. (Ex. RR at 337-38.) The court also found that Petitioner's claim was not colorable because Petitioner failed to demonstrate that counsel's representation fell below the prevailing standards. (*Id.* at 339.)

Petitioner argued to the court of appeals in his Petition for Review that trial counsel was inadequate and ineffective, alleging eight new factual allegations of ineffectiveness. (*Id.* at 358-60.) The appellate court denied Petitioner's IAC claims because (1) the court of appeals agreed with the trial court that Petitioner failed to state a colorable claim of IAC by stating that he believed there may have been ineffective assistance of counsel without alleging specifically how counsel had erred; and (2) Petitioner had waived the eight new claims of IAC by presenting them for the first time to the court of appeals without raising them first to the trial court. (Ex. ZZ at 450-51.)

### 2. Exhaustion/Procedural Default

Petitioner's claims of ineffective assistance of appellate counsel, claims (A), (B) were never raised at any point in the state court proceedings. (*See* Exs. CC; II; LL; §; DDD.) Neither did Petitioner raise claim (G), a claim that trial counsel was ineffective for failing to challenge the trial court's decision that Petitioner's offenses were continuing offenses while

the Court of Appeals held that Petitioner's offenses were completed offenses, in the state court proceedings. (*See Id.*)

Petitioner's right to direct review having been completed, he would have to present these claims in an additional petition for post-conviction relief in order to exhaust the claim. Under Arizona law, a defendant convicted following a trial must file a notice of post-conviction relief within ninety days of the entry of judgment and sentence or within thirty days after the issuance of the final order and mandate in the direct appeal, whichever is the later. 32.4(a), Ariz.R.Crim.P. If Petitioner were to fairly present these issues in another petition for post-conviction relief, such presentation would be untimely. Moreover, this claim does not qualify for any of the timeliness exceptions. Rules 32.1 and 32.4(a), Ariz.R.Crim.P. Such a new petition, therefore, would be subject to summary dismissal. *State v. Rosario*, 195 Ariz. 264, 266 (App.1999); *State v. Jones*, 182 Ariz. 432 (App.1995); *Moreno v. Gonzales*, 192 Ariz. 131, 135 (1998) (timeliness is a separate inquiry from preclusion). Moreover, Petitioner would be precluded from raising these claims in another petition for post-conviction relief. Rule 32.2(a), Ariz.R.Crim.P. These claims, therefore, are procedurally defaulted. *Park v. California*, 202 F.3d 1146, 1150-51 (9th Cir.2000) (federal habeas review is precluded where prisoner has not raised his claim in the state courts and the time for doing so has expired).

Accordingly, federal habeas review of claims (A), (B), and (G) of Ground One is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Carrier*, 477 U.S. at 488.

### 3. *Procedural Bar/Procedural Default*

The state courts imposed a procedural bar to avoid reaching the merits of claims (C),(D,E),(F) and (H). (*See* Exs. § at 358-60; ZZ at 450-51.) This constitutes an independent and adequate state law ground barring federal review. *See Ylst*, 501 U.S. at 802-05. Because Petitioner presented claims (C),(D,E),(F) and (H) in a procedurally defective manner, these five claims are procedurally defaulted.

The Magistrate Judge finds that the State court's preclusionary ruling is an independent and adequate procedural bar. Because the procedural bar is adequate and independent, federal review of this claim is foreclosed unless Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.

F.    Cause and Prejudice

As discussed in detail above, Petitioner has procedurally defaulted the claims asserted in Grounds One and Four. Additionally, while the Magistrate Judge finds that Petitioner fails to raise a federal claim in Ground Three, as an alternative ruling, the Magistrate Judge finds that Ground Three is also procedurally defaulted.

Petitioner's status as an inmate and lack of legal knowledge do not constitute cause for his failure to present any of his grounds for relief to the Arizona courts. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.1986)(finding that an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir.1988)(finding that petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause).

Petitioner asserts, as to Ground One, that it is a violation of Due Process to hold that Petitioner is barred from exercising his Constitutional rights by holding that he is procedurally barred because Arizona will not allow hybrid representation and has refused to allow Petitioner to present his issues. (Doc. No. 13 at 1-2.) Petitioner asserts, as to Ground Three, that trial counsel and appellate counsel failed to properly pursue this violation and both trial and appellate counsel were ineffective in their representation of Petitioner. (*Id*. at 4.) Petitioner asserts as to Ground Four, that Petitioner tried repeatedly to have these constitutional issues heard by the courts to no avail. (*Id*.) Petitioner asserts that, Petitioner's motion, filed on July 31, 2003, for removal of counsel and appointment of new counsel, or in the alternative allow Petitioner to proceed *pro se*, was denied by the Court of Appeals. (*Id*. at 5.)

If ineffective assistance of counsel is asserted as cause, it must have first been presented to the state courts as an independent claim before it may be used to establish cause

for a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000) *Murray v. Carrier*, 477 U.S. at 489-90; *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir.1988). An ineffective assistance of counsel claim that is itself procedurally defaulted cannot constitute cause unless the petitioner establishes cause and prejudice for the default of the ineffective assistance of counsel claim. *Carpenter*, 529 U.S. at 453.

Because Petitioner procedurally defaulted his ineffective assistance of counsel claims in state court, Petitioner cannot now assert ineffective assistance of counsel to establish cause for the default. Post-conviction counsel's action or inaction cannot be cause to excuse a procedural default, because Petitioner has no right to effective assistance of post-conviction counsel. *Finley*, 481 U.S. at 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). Furthermore, despite Petitioner's assertion as to Ground Four, that Petitioner tried repeatedly to have these constitutional issues heard by the courts to no avail, Petitioner, acting *pro se*, was the cause for the procedural default by failing to raise more than a general claim of ineffective assistance of counsel in his petition for post-conviction relief, resulting in the appellate court's ruling that Petitioner waived the more specific claims of ineffective assistance of counsel by raising them for the first time in the petition for review. Petitioner asserts that, Petitioner's motion, filed on July 31, 2003, for removal of counsel and appointment of new counsel, or in the alternative allow Petitioner to proceed *pro se*, was denied by the Court of Appeals. (Doc. No. 13 at 5.) This argument is specious, however, as Petitioner, acting *pro se*, filed both his petition for post-conviction relief and petition for review in which he procedurally defaulted his ineffective assistance of counsel claims. The only thing preventing Petitioner from raising the ineffective assistance of counsel claims was Petitioner's failure to include them in his petitions.

Petitioner has failed to demonstrate cause for the procedurally defaulted claims.

Likewise, Petitioner has not satisfied the "fundamental miscarriage of justice" standard. Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this court to consider these claims as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not

presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the court declined to review the procedurally defaulted claims on the merits.

G.    Supplemental Petition

Petitioner has also filed "Supplemental Filing of Points and Authorities in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254" (Doc. No. 8), and a second Petition for Writ of Habeas Corpus (Doc. No. 18).  The Court ordered both documents stricken from the record, and allowed Petitioner an additional 30 days to file a motion to amend and lodge a proposed amended petition with the Clerk of Court.  No motion to amend nor proposed amended petition was received by the Court.

Petitioner filed a "Motion to Supplement and Clarify" arguing that Doc. No. 8 was not an attempt to amend, but to address the issues in CA-98000345 "per Judge Bury's order." This Court, in its order striking the supplement, recognized that Petitioner was attempting to raise issues in the supplement that he had attempted to raise in CV 07-479-TUC-DCB. (Doc. No. 19 at 2.)  Accordingly, this Court informed Petitioner of how the Supplement, more properly construed as an attempt to amend the Petition, failed to conform with the Local Rules regarding amended petitions, and reproduced the Local Rule to Petitioner in the order explaining to Petitioner how to file a motion for leave to amend and lodge a proposed amended petition pursuant to Fed.R.Civ.P. 15(a) and LRCiv 15.1.  The Court further explained in detail how the Supplement failed to conform to local rules requiring that petitions for writs of habeas corpus be signed and submitted on forms approved by the Court. (Doc. No. 19 at 3.)  This Court further put petitioner on notice that a party who moves for leave to amend a pleading must lodge with the Clerk of Court an original of the proposed amended pleading, which is not to incorporate by reference any part of the preceding pleading, and that, once amended, the original no longer performs any function as a pleading and cannot be utilized to aid a defective amendment.  (*Id*.)  The Supplement was ordered stricken and Petitioner was granted 30 days to file a motion to amend and lodge with the Clerk of Court a proposed amended petition.  (*Id*. at 4.)  The Court further explained that the

1  Second Petition would be stricken for failure to serve Respondents, and that, as an attempt

2  to amend the supplement or amend the pleading, after the answer was filed, it failed to

3  conform with Rule 15(a), requiring Petitioner to seek the written consent of the opposing

4  party or the court's leave to amend its pleading.

5      Petitioner now argues that he has no access to the Federal Rules, therefore "it is

6  impossible to know the rules, let alone follow them." Petitioner also asserts that it was his

7  understanding of District Judge Bury's order to allow both State convictions to be pursued

8  in this habeas and to "liberally consider petitioner's filings, reinstate the supplemental filing,

9  or allow a new supplement to be filed, and as a last resort allow a new 28 U.S.C. § 54 be filed

10  challenging the retrial in CR 98000345 only." (Doc. No. 22.)  While this Court agrees with

11  Petitioner's characterization of District Judge Bury's order, the Magistrate Judge

12  acknowledged such purpose in its order (*See* Doc. No. 19 at 2), and further explained in

13  detail the reasons the Supplement and Second Petition were defective, and what Petitioner

14  needed to do to conform with both the Federal Rules and Local Rules.  Additionally, the

15  Magistrate Judge directed the Clerk of Court to send Petitioner Instructions for Filing a

16  Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody

17  in the United States District Court for the District of Arizona. (Doc. No. 19 at 5.)  Petitioner

18  failed to comply with this Court's order.  Accordingly, this Court recommends that the relief

19  requested by Petitioner in his Motion to Supplement and Clarify be DENIED.  This Court

20  recommends that the District Court, after its independent review of the record, dismiss this

21  action in its entirety.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## IV. RECOMMENDATION

The Magistrate Judge recommends that the relief requested by Petitioner in his Motion to Supplement and Clarify be DENIED.

The Magistrate Judge further recommends that the District Court, after its independent review of the record, DISMISS this action in its entirety.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed the parties should use the following case number: **CIV 07-0491-TUC-DCB**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir)(2003).

DATED this 27th day of October, 2009.

_____
Bernardo P. Velasco
United States Magistrate Judge